IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 99-cv-1646-MSK-BNB

WILLIAM J. SPAHR, by and through his co-conservators, Steven D. Spahr and Barbara J. Spahr,

    Plaintiff,

v.

MELISSA CATHERINE SECCO, and
U.S. BANCORP INVESTMENTS, INC., a Minnesota corporation,

    Defendants.

**ORDER ADOPTING RECOMMENDATION AND GRANTING DEFAULT JUDGMENT**

**THIS MATTER** comes before the Court pursuant to a Recommendation **(# 163)** by United States Magistrate Judge Boyd N. Boland that Plaintiff's Motion for Entry of Default and Default Judgment Against Defendant Secco **(# 123)** be granted in part, denied in part, and that default judgment be entered in favor of the Plaintiff.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Defendant Secco initially retained counsel and participated in this litigation, filing an answer on December 2, 1999 **(# 25)**. However, on July 14, 2003, Defendant Secco's counsel filed a motion to withdraw **(# 81)**, stating that despite numerous efforts, he had been unable to contact Defendant Secco

1

since approximately February 2001, and that mail sent to Defendant Secco's last known address had been returned. The Court granted the Motion for Withdrawal **(# 90)**. Since her counsel's withdrawal, Defendant Secco has failed to defend or otherwise participate in this action, and mail sent from the Court to her address has been returned as undeliverable.

Defendant Secco failed to attend the scheduling conference or participate in the preparation of a scheduling order. Additionally, Defendant Secco failed to notify the Court of an address or telephone number where she could be contacted. On August 19, 2003, Magistrate Judge Boland issued an Order to Show Cause **(# 97)**, directing Defendant Secco to show why judgment by default should not enter against her. Defendant Secco did not respond to that order; indeed, the Clerk's mailing of that order has been returned by the post office. Further, the Plaintiff served a copy of the instant motion on Defendant Secco at her last known address and she did not respond. A hearing on the motion occurred on August 9, 2004. Defendant Secco was given notice, but failed to appear.

Magistrate Judge Boland concluded a default judgment would be an appropriate sanction based on Ms. Secco's failure to defend the action, failure to comply with court rules, and failure to comply with court orders. Magistrate Judge Boland recommended that Plaintiff's motion for default judgment be granted as to the Plaintiff's First Claim for Relief (breach of fiduciary duty) and Fourth Claim for Relief (violation of C.R.S. § 11-51-501), and that the motion be denied in all other respects.

More than 10 days have passed since the issuance of the Recommendation and no party has filed timely objections. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Where no party files objections to a recommendation, the Court applies whatever standard of review to that recommendation that it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991). This Court has reviewed the Recommendation under the otherwise applicable *de novo* standard of Fed. R. Civ. P. 72(b).

In reviewing the Recommendation, the Court has carefully considered the *Ehrenhaus* factors, which provide guidance in determining the proper sanction to be imposed for the failure of a party to obey court rules and orders. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992). Under *Ehrenhaus*, the Court examines: (1) the degree of actual prejudice to the other party; (2) the degree of prejudice to the judicial process; (3) the culpability of the litigant; (4) whether the Court warned the party in advance of the consequences for non-compliance; and (5) the efficacy of lesser sanctions. 965 F.2d at 921. Defendant Secco's failure to participate in this litigation and to obey court orders has prejudiced the Plaintiff by needlessly delaying resolution of this action. Similarly, her conduct has interfered with the judicial process, delaying final resolution of this action and requiring the Court to continue hearings and issue orders attempting to secure her compliance and to craft a remedy. Her failure to participate in this litigation and to comply with court orders is done in spite of warnings by the court that default judgement was a

possible sanction for such actions. The Court is convinced that, in light of Defendant Secco's repeated failures, no sanction short of default would be effective in this case.

For the foregoing reasons, the Court **ADOPTS** the Recommendation **(# 163)** of Magistrate Judge Boland. Plaintiff's Motion for Entry of Default and Default Judgment Against Defendant Secco **(#123)** is **GRANTED IN PART**, as to Plaintiff's First and Fourth Claims for Relief, and **DENIED IN PART,** as to Plaintiff's Second and Third Claims for Relief. Default judgment is entered in favor of Plaintiff and against Defendant Secco in the amount of $490,420.95, plus prejudgment interest in the amount of $ 537,908.89,[1] plus reasonable and necessary attorneys' fees and costs in the amount of $ 92,027.98, for a total judgment of $1,120,357.82. Judgment shall enter contemporaneously with this Order, and upon such entry, the Clerk of the Court shall close this case.

---

[1] Magistrate Judge Boland recommended that interest be calculated from May 14, 1996 to the date of judgment on a $ 75,000 sum; from July 12, 1995 to the date of judgment on a $300,000 sum; and from September 27, 1995 to the date of judgment on a $ 115,420.95 sum. At an rate of 8%, compounded annually as recommended by the Magistrate Judge, interest on the $75,000 sum is $ 74,925.34; interest on the $ 300,000 sum is $ 347,677.49; and interest on the $115,420.95 sum is $ 115,306.06.

Dated this 19th day of September, 2005

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge